IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 07-00423 HG-01 |
| Plaintiff, ) | |
| vs. ) | |
| FRANCIS KALANI LII, ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 163)**

Defendant is currently incarcerated at the Oklahoma City Federal Transfer Center and is serving a life sentence.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic and because his life sentence no longer accords with contemporary sentencing mores.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 163) is **GRANTED, IN PART, AND DENIED, IN PART.**

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of

1

imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. <u>Dillon v. United States</u>, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> 
>    (i)  extraordinary and compelling reasons warrant
>         such a reduction;
> ...
>         and that such a reduction is consistent with
>         applicable policy statements issued by the
>         Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons."

The Court has the discretion to determine whether extraordinary and compelling reasons exist and is not bound by the definition of "extraordinary and compelling reasons" set forth in the United States Sentencing Guidelines § 1B1.13. United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

**PROCEDURAL HISTORY**

**I.    PROCEDURAL HISTORY OF DEFENDANT'S FIRST FEDERAL FELONY DRUG CONVICTION IN CR. NO. 95-01109 ACK**

On November 28, 1995, the grand jury returned an Indictment charging Defendant Lii with nine counts relating to a conspiracy to distribute pure crystal methamphetamine ("ice") and cocaine in United States v. Francis Lii, 95-cr-01109 ACK (D. Haw.).  (95-cr-01109 ACK, Indictment, ECF No. 1).

On July 1, 1996, Defendant Lii pled guilty to all nine counts of the Indictment.  (ECF No. 95).

On October 27, 1997, the Government filed a Motion for Downward Departure.  (ECF No. 187).

On May 27, 1998, the Court in 95-cr-01109 ACK granted the Government's Motion for Downward Departure, and sentenced the Defendant to 96 months imprisonment for counts 1 through 6, and 240 months imprisonment as to counts 7 through 9, to be served concurrently.  (ECF No. 227).  It also sentenced the Defendant to three years of supervised release as to counts 1 through 6, and five years of supervised release as to counts 7 though 9, to be served concurrently.  (Id.)

On September 7, 2004, Defendant Lii commenced his sentence of supervised release.  (See ECF No. 435 at p. 4.)

**II.   PROCEDURAL HISTORY OF DEFENDANT'S SECOND FEDERAL FELONY DRUG CONVICTION IN CR. NO. 07-00423**

While Defendant Lii was serving his term of supervised

release in 95-cr-01109 ACK, the grand jury returned an Indictment on August 30, 2007, charging Defendant Lii with two counts relating to a conspiracy to distribute methamphetamine in <u>United States v. Francis Lii</u>, 07-cr-00423 HG.  (07-cr-00423, Indictment, ECF No. 1).

On April 24, 2008, the grand jury returned a Superseding Indictment with two counts relating to a conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  (ECF No. 52).

On June 30, 2008, the Government filed a SPECIAL INFORMATION AS TO PRIOR DRUG CONVICTIONS.  (ECF No. 84).  The Special Information informed the Court that the Government intended to rely on Defendant's prior convictions in 95-cr-01109 ACK and in <u>State of Hawaii v. Francis Kalani Lii</u>, Cr. No. 90-0954, a Hawaii state-court felony conviction, for enhanced penalties pursuant to 21 U.S.C. §§ 841(b)(1) and 851.  (<u>Id.</u>)

On July 11, 2008, after a seven-day jury trial, a jury found Defendant Lii guilty as to Counts 1 and 2 of the Superseding Indictment.  (ECF Nos. 98, 99).

At Defendant Lii's sentencing in 07-cr-00423 HG, Defendant Lii was in Criminal History Category VI with a Total Offense Level of 37.  (Presentence Report at ¶ 70, ECF No. 111). Defendant Lii's sentencing guideline range was 360 months to a life sentence.  (<u>Id.</u>)  Pursuant to the Special Information, however, the statutory mandatory minimum term of imprisonment was

life imprisonment.

On November 24, 2008, the Court sentenced Defendant Lii to the required term of life imprisonment as to Counts 1 and 2, to be served concurrently.  (ECF Nos. 110, 113).

On December 2, 2008, Defendant Lii filed a Notice of Appeal. (ECF No. 118).

On August 27, 2010, the Ninth Circuit Court of Appeals affirmed the conviction and sentence.  (ECF Nos. 158, 159).

On December 15, 2010, Defendant Lii filed a Petition for Writ of Certiorari with the United States Supreme Court.  (ECF No. 160).

On January 10, 2011, the United States Supreme Court denied Defendant Lii's Petition for Writ of Certiorari.  <u>Francis Lii v. United States</u>, 626 U.S. 1162 (2011).

On June 20, 2021, Defendant Lii filed MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE).  (ECF No. 163).

On August 4, 2021, the Government filed its Opposition. (ECF No. 168).

On September 1, 2021, Defendant Lii filed a Reply.  (ECF No. 169).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

Defendant Lii is 58 years old.  Defendant is currently incarcerated at the Oklahoma City Federal Transfer Center.  Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant a reduction in sentence.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence.  United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020); United States v. Carver,    F.Supp.3d    , 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

**I.   Medical Condition**

    **A.   Current Centers For Disease Control Standards And Defendant's Medical Concerns**

Defendant Lii states he suffers from obesity, type 2

7

diabetes, hypertension, high cholesterol, hypothyroidism, hepatitis C, along with various mobility issues.  (Def.'s Motion for Compassionate Release at pp. 5-6, ECF No. 163-1).

The Centers for Disease Control ("CDC") has identified obesity as a medical condition that places an individual, regardless of age, at increased risk should they contract COVID-19.  The CDC defines an individual as obese if he has a body mass index ("BMI") of over 30.  (CDC Coronavirus Disease 2019 Website, at "People With Certain Medical Conditions," available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 12/8/21)).

The CDC also identifies type 2 diabetes as a medical condition that can make a person more likely to become severely ill from contracting COVID-19.  (Id.)

Hypertension is another medical condition identified by the CDC as a condition that can make a person more likely to become severely ill from COVID-19.  (Id.)

**B.   Medical Conclusion**

Defendant is 58 years old.  The CDC recognizes that the risk of developing severe illness from COVID-19 increases with age.  Those 50 years of age or older are at increased risk and those 85 years and older at the greatest risk.  (https://www.cdc.gov aging/covid19/covid19-older-adults.html#increased-risk, last visited 12/8/21).

Defendant's medical records reflect that as of March 11, 2021, Defendant weighed 206 pounds and had a height of 5 feet 8 inches.  (Ex. A to Def.'s Motion at p. 3, ECF No. 167).  Pursuant to the U.S. Department of Health and Human Services' BMI Calculator, Defendant's BMI was 31.3 as of March 11, 2021.  Defendant is considered obese under the CDC definition.  Obesity alone, however, is insufficient to support a finding of extraordinary and compelling reasons for immediate release.

Defendant's type 2 diabetes is being treated by the Bureau of Prisons ("BOP").  (Id. at pp. 3-4).  Defendant's medical records show that the BOP has continued to monitor and treat his medical conditions including his diabetes.  For example, Defendant indicated that his prior medication for diabetes, Metformin, resulted in undesired side effects and caused him an upset stomach.  (Id. at p. 10).  The BOP switched Defendant to Glipizide and Glucose tablets for his diabetes.  (Id.)

Defendant's hypertension is being treated by the BOP.  (Id. at pp. 11-12).  He is prescribed Hydrochlorothiazide tablets, Aspirin, and Lisinopril for his hypertension.  (Id.)

Defendant is prescribed Atorvastatin for his high cholesterol.  (Id. at p. 12).

Defendant states he also has Hepatitis C.  Defendant's medical records reflect that as of August 28, 2019, Defendant's Hepatitis C has been "resolved."  (Id. at p. 47).

Defendant Lii also indicates he has hypothyroidism and

problems with mobility.  Neither of these conditions are conditions that the CDC has identified as placing an individual at an increased risk for severe illness from COVID-19.

Defendant Lii is receiving treatment for his various ailments.  He is prescribed specific footwear and garment compressions for his mobility.  (Id. at p. 39).  Defendant is also prescribed Levothyroxine Sodium tablets for his hypothyroidism.  (Id. at p. 12).

As of March 17, 2021, Defendant Lii was fully vaccinated with the Pfizer-BioNTech COVID-19 vaccine.  (Id. at p. 55).  The fact that Defendant Lii received the COVID-19 vaccine is a factor against a finding of extraordinary and compelling circumstances to warrant granting a reduction in sentence.

The record demonstrates that Defendant has received and continues to receive appropriate medical care by the BOP.  Conditions that can be managed in prison are not a basis for compassionate release.  United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020).

## II. Section 3553(a) Factors And Defendant's History And Characteristics

### A. History And Characteristics

In order to be eligible for compassionate release, Defendant must establish that release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community.  18 U.S.C. §

10

3582(c)(1)(A).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

Defendant is currently serving a term of life imprisonment for his conviction to conspire to distribute methamphetamine in 2007.

Defendant is 58 years old.  Defendant has a history organizing and trafficking drugs throughout his adult life but Defendant does not have a history of violence.

### B.   First Step Act's Change As To Sentencing Enhancements For Prior Drug Convictions Pursuant To 21 U.S.C. §§ 841 & 851

Following Defendant's sentencing for his third drug trafficking crime, the First Step Act of 2018 reduced the mandatory minimum sentence that applied to defendants who had previously been convicted of a third drug trafficking offense pursuant to 21 U.S.C. §§ 841 & 851.  The First Step Act lowered the mandatory minimum from a life sentence to a mandatory minimum of 25 years or 300 months.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 401(c).

Defendant Lii argues in his Motion for Compassionate Release that the Court should lower his sentence based on the change of the mandatory minimum sentence.

Congress did not make the provisions of the First Step Act

retroactive.  United States v. Johnson, 2021 WL 409830, *7 (W.D. Pa. Feb. 5, 2021).  Defendant was sentenced before the First Step Act's enactment.  The change in law from a statutorily required life sentence down to 300 months as now provided by the First Step Act does not apply retroactively in a motion for compassionate release.  Musa v. United States, 502 F.Supp.3d 803, 812 (S.D.N.Y. 2020).

Defendant Lii was sentenced to a mandatory life sentence based on his prior felonies relating to drug trafficking.  The mandatory minimum statutory sentence after the enactment of the First Step Act would be 300 months.

The Court is not required to reduce Defendant's life sentence pursuant to the First Step Act because it is not retroactive, but the Court has discretion to reduce Defendant Lii's life sentence pursuant to his Motion for Compassionate Release and examination of the Section 3553(a) factors.  Courts may properly consider both the unusual length of a sentence given under the former sentencing regime and the gross disparity between that sentence and the sentence "Congress now believes to be an appropriate penalty for the defendants' conduct" when evaluating a Motion for Compassionate Release.  United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020).

### C.   Appropriateness Of A Reduction In Sentence

Defendant Lii's convictions were for large-scale drug trafficking.  He was not a violent offender.  Today, it is not

mandatory that the Court impose a life sentence for his third drug trafficking conviction. Defendant Lii has already served approximately 168 months imprisonment and has significant health issues. The severity of Defendant Lii's sentence given his age and health condition, combined with the disparity between the sentence imposed and the sentence Congress believes to be appropriate pursuant to the First Step Act, constitutes extraordinary and compelling reasons for a reduction in sentence. Defendant Lii's specific circumstances justify a reduction in sentence. See United States v. Lii, 528 F.Supp.3d 1153, 1164-66 (D. Haw. 2021).

The Court finds that the nature and circumstances of Defendant's offense weigh in favor of reducing his sentence from life to 300 months imprisonment. The current mandatory minimum sentence of 300 months imprisonment is appropriate given Defendant's history and characteristics, age, health condition, and the change in law.

### III. Summary Of Medical Conclusion And Section 3553(a) Factors

Defendant has not established a basis for compassionate release for medical reasons alone. Defendant does suffer from several health issues that the Court is taking into consideration in finding a reduction in sentence is appropriate given the change in the mandatory minimum sentence that would apply to the Defendant if he were sentenced now.

A reduction in Defendant's sentence from a term of life

imprisonment to 300 months imprisonment is warranted.

## CONCLUSION

Defendant's Motion To Reduce Sentence Under The First Step Act (ECF No. 163) is **GRANTED, IN PART, AND DENIED, IN PART.**

Defendant's Motion for a reduction in sentence to time-served and seeking immediate release is **DENIED.**

Defendant's Motion is **GRANTED** to the extent his sentence is reduced from a term of life imprisonment down to 300 months imprisonment as to Counts 1 and 2 of the Superseding Indictment to be served concurrently.

All other aspects of Defendant's sentence remain unchanged.

IT IS SO ORDERED.

Dated: December 8, 2021, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Francis Kalani Lii, Crim. No. 07-00423 HG-01;
**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (ECF No. 163)**